NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN YERESSIAN,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2013-3081

---

Petition for review of the Merit Systems Protection Board in No. SF0752090049-A-2.

---

Decided: August 16, 2013

---

JOHN YERESSIAN, of Pasadena, California, pro se.

SCOTT R. DAMELIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel was LARRY F. ESTRADA, Assistant District Counsel, United States Army Corps of Engineers, of Los Angeles, California.

---

Before RADER, *Chief Judge,* PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board rejected John Yeressian's claim for attorney fees related to a January 21, 2010 decision reinstating him into his former position in the Department of the Army (Army). Because the Board's decision is in accordance with law and supported by substantial evidence, this court affirms.

## I.

This appeal is related to *Yeressian v. Dep't of the Army,* No. 2013-3079. As described in that opinion, Mr. Yeressian was terminated from his position as a student trainee in the Army's realty division. *Yeressian v. Dep't of the Army,* No. 2013-3079, slip. op. at 1–5. Subsequently, the Army was ordered to reinstate Mr. Yeressian due to prohibited personnel practice. *Id.* This appeal is related solely to the issue of attorney fees incurred in connection with Mr. Yeressian's wrongful removal claim before the Board.

Mr. Yeressian moved for attorney fees following his reinstatement. The AJ found that attorneys Robert Atkins and William Brawner both performed legal services for Mr. Yeressian throughout his case. Mr. Atkins did not have a formal retainer agreement with Mr. Yeressian; however, Mr. Atkins averred that he charged Mr. Yeressian a reduced rate of $210 per hour as a "standard rate" for federal employees and that the "prevailing market rate" for his services was $435 per hour. App. at 43. The AJ noted that "the amount agreed upon represents the maximum reasonable fee which may be awarded. [However, this] presumption is rebuttable by convincing evidence that the agreed-upon rate was not based on marketplace considerations . . . ." App. at 43. The AJ held that Mr. Yeressian rebutted this presumption by submitting direct evidence of Mr. Atkins's educa-

tion, experience, and other relevant qualifications, and by submitting evidence of the rate of attorneys with similar expertise and experience. Accordingly, the AJ awarded attorney fees for Mr. Atkins at a rate of $435 per hour.

With respect to Mr. Brawner, Mr. Brawner had entered into a retainer agreement with Mr. Yeressian specifying an hourly rate of $250. In his motion for attorney fees, Mr. Yeressian requested that Mr. Brawner be compensated at $335 per hour. Mr. Yeressian's only basis for this higher rate was (1) the fact that Mr. Brawner had been compensated $300 an hour in an unrelated matter in front of the Board, and (2) the Laffey Matrix, which is a guide prepared by the United States Attorney's Office for the District of Columbia. The Laffey Matrix purports to show the average hourly rates for attorneys of varying experience levels. The AJ found this evidence nonbinding and unpersuasive, and awarded attorney fees for Mr. Brawner at his agreed rate of $250 per hour.

In addition, the AJ reduced the number of compensable hours for Mr. Brawner by 53.2 hours based on his finding that Mr. Brawner spent an excessive number of hours on tasks that "clearly did not advance the prosecution of the appeal and did nothing to contribute to its outcome." App. at 48. Such tasks included preparing a motion for recusal of the AJ, spending 25 hours opposing the Army's request for a ten-day extension of time, and making "repeated arguments that the jurisdictional hearing [he himself] requested was unnecessary, coupled with his adamant refusal to withdraw that request." App. at 49.

As a result, the AJ ordered the Army to pay $12,247.52 to Mr. Atkins in attorney fees and costs and $26,432.78 to Mr. Brawner in attorney fees and costs. Mr. Yeressian appealed this ruling to the full Board, alleging that the AJ (1) failed to explain to Mr. Yeressian the legal requirements for a fee petition or his burden of proof; (2) should have awarded Mr. Brawner fees at the rate of $335 per hour; (3) improperly reduced Mr. Brawner's hours by

53.2; and (4) erred by not awarding Mr. Atkins fees for consultation and mediation.

The Board rejected Mr. Yeressian's first three arguments. First, the Board found that Mr. Yeressian was given ample notice of the requirements and his burden of proof. Second, the Board determined that Mr. Brawner was properly compensated at $250 an hour because "[w]here a specific fee is agreed upon, the Board presumes that that amount represents the maximum reasonable fee which may be awarded," App. at 16 (citing *Gensburg v. Dep't of Veterans Affairs*, 85 M.S.P.R. 198 (2000)), and Mr. Yeressian did not provide persuasive evidence to rebut that presumption. Third, the Board agreed with the AJ's decision to reduce Mr. Brawner's hours by 53.2.

With respect to Mr. Yeressian's argument that Mr. Atkins should have been awarded fees for consultation and mediation, the Board reversed, stating that it "encourages parties to pursue mediation or other alternative dispute resolution methods, and it has awarded fees for such work." App. at 17 (citing *Hart v. Dep't of Transp.*, 115 M.S.P.R. 10, ¶ 46 (2010)). Therefore, the Board awarded Mr. Atkins an additional 10.58 hours of attorney fees for work related to the parties' mediation attempts. The Board denied Mr. Yeressian's request for consultation fees.

## II.

Mr. Yeressian appeals part of the Board's decision to this court. He alleges that the Board erred by failing to compensate Mr. Brawner at $335 per hour and for reducing Mr. Brawner's compensable hours by 53.2. This court "must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence." *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991); *see also* 5 U.S.C. § 7703(c) (2012).

Where a specific fee is agreed upon, there is a presumption that the agreed upon fee represents the maximum reasonable fee which may be awarded. *Gensburg v. Dep't of Veterans Affairs*, 85 M.S.P.R. 198, 206 (2000). This presumption may be rebutted "by convincing evidence that the agreed-upon rate was not based on marketplace considerations and . . . was customarily higher, or by showing that [counsel] agreed to such a rate only because of the [client's] reduced ability to pay and that his customary fee for similar work was significantly higher." *Id.*

Mr. Yeressian presented only two pieces of evidence that Mr. Brawner should be compensated at $335 per hour: (1) Mr. Brawner had been compensated at $300 per hour in an unrelated matter and (2) the Laffey Matrix. This evidence alone is insufficient. Unlike with Mr. Atkins, Mr. Yeressian presented no evidence of Mr. Brawner's education, experience, and other relevant qualifications, and failed to submit persuasive evidence of the rate of other attorneys with similar expertise and experience. Absent such evidence, "[a] representation contract specifying hourly rates is [the best] evidence that the contract rates are consistent with local market rates, because the client freely agreed to pay the rates by entering into the contract." *Willis v. U.S. Postal Serv.*, 245 F.3d 1333, 1340 (Fed. Cir. 2001). Contrary to Mr. Yeressian's assertion, the Laffey Matrix is imprecise and is merely a guide. *See Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995) ("[F]ee matrices are somewhat crude—the Laffey matrix, for example, lumps attorneys with four to seven years of experience in the same category; attorneys with eleven to nineteen also share the same hourly rate."). It is not binding on the Board.

Mr. Yeressian argues he was entitled to a hearing on his motion for attorney fees to present testimony concerning his fee arrangement with Mr. Brawner. Mr. Yeressian is incorrect. A hearing on a motion for attorney fees is

within the discretion of the AJ.  5. C.F.R. § 1201.203(f).
The record shows that Mr. Yeressian was permitted to file
extensive written submissions, which were thoroughly
considered by the AJ and the Board.  The AJ did not
abuse his discretion by not conducting a hearing, nor was
Mr. Yeressian prejudiced by that decision.

In regard to the reduction of Mr. Brawner's hours, the
claimed hours for legal work by an applicant's attorney
must be reasonable.  Mr. Yeressian does not dispute that
Mr. Brawner spent 53.2 hours on tasks that included
drafting a motion for recusal of the AJ, opposing the
Army's request for a ten-day extension of time, and mak-
ing arguments against a jurisdictional hearing that he
himself requested and refused to withdraw.  Rather, Mr.
Yeressian argues that those tasks were necessary to
advance his case and, based on his own personal experi-
ence and communication with other attorneys, the num-
ber of hours is reasonable.

The record shows that the AJ conducted a careful re-
view of Mr. Brawner's claimed hours.  Despite reducing
the total number of hours, the AJ still awarded Mr.
Brawner a substantial amount in attorney fees.  This
court perceives no legal error.  Given the AJ's intimate
knowledge of this case and familiarity with Mr. Brawner's
work, Mr. Yeressian has shown no reason for this court to
override the AJ's discretion.  The decision of the Board is
affirmed.  Mr. Yeressian's remaining arguments have
been carefully considered and found unpersuasive.

**AFFIRMED**