NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN YERESSIAN,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2013-3079

---

Petition for review of the Merit Systems Protection Board in No. SF0752100972-I-2.

---

Decided: August 16, 2013

---

JOHN YERESSIAN, of Pasadena, California, pro se.

SCOTT R. DAMELIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director and STEVEN J. GILLINGHAM, Assistant Director. Of counsel was LARRY F. ESTRADA, Assistant District Counsel, United States Army Corps of Engineers, of Los Angeles, California.

---

Before RADER, *Chief Judge,* PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board dismissed John Yeressian's case for lack of jurisdiction because Mr. Yeressian had voluntarily resigned from the Department of the Army (Army). Because the Board's decision is in accordance with law and supported by substantial evidence, this court affirms.

I.

Mr. Yeressian was hired by the Army on November 15, 2004 pursuant to the Student Temporary Employment Program. On October 2, 2005, he entered the Student Career Experience Program (SCEP) as a student trainee in the Army's administration and support division. On April 13, 2008, Mr. Yeressian accepted a transfer to a different SCEP position as a student trainee in the Army's realty division. Unbeknownst to Mr. Yeressian, transferring from the administration and support division to the realty division required him to relinquish his appeal rights in the event that he was terminated. On October 17, 2008, Mr. Yeressian was terminated for poor performance. He appealed to the Board.

The administrative judge (AJ) dismissed the case because Mr. Yeressian had relinquished his appeal rights. Mr. Yeressian appealed the dismissal to the full Board. The Board held that the Army should have informed Mr. Yeressian that he would forfeit his appeal rights if he accepted the SCEP realty position. Thus, the Board remanded the case for the AJ to consider whether Mr. Yeressian would have accepted the position had he known that fact.

On remand, the AJ determined that Mr. Yeressian would not have accepted the realty position. On January 21, 2010, the AJ ordered the Army "to cancel [Mr.

Yeressian's] removal and to retroactively restore [Mr. Yeressian] effective October 17, 2008." App. at 61–62. The AJ also ordered the Army to pay Mr. Yeressian back pay. Neither party appealed this decision, and it became final.

On May 13, 2010, the Army informed Mr. Yeressian that, pursuant to the January 21, 2010 order, he was being restored to his SCEP realty position. The Army instructed him to report for duty on June 7, 2010. Mr. Yeressian did not report for work, but instead, on July 31, 2010, sent a resignation letter to the Army:

> To whom it may concern:
>
> Please consider this a formal and official notice that I will be leaving my employment with the U.S. Army Corps of Engineers effective June 7, 2010. This also serves as my two week notice, ending on June 7, 2010. Therefore, I believe that the pay period ending on Saturday June 5, 2010 would be my last pay period.

App. at 50–51.

On August 2, 2010, Mr. Yeressian sent a copy of this letter to the Board as well as another letter titled "Resignation in Protest," which stated in relevant part:

> To whom it may concern:
>
> In light of the retaliatory/improper actions and hostility towards me by the agency, I feel that I have been left with no other option but forced to resign. Unfortunately, the agency has continued its course of unmerited, retaliatory disciplinary actions and has created an extremely hostile working environment. I feel that I am being deprived of my freedom of choice in coming to this conclusion.

App. at 26. The Army avers it was unaware of this letter because Mr. Yeressian never served it on the Army.

Following these events, Mr. Yeressian attempted to return to work at the Army but was denied entry into the facility. He then filed a complaint with the Board, alleging that his resignation was involuntary and that he should be reinstated into the Army. The AJ noted that the Army never submitted a copy of Standard Form (SF)-50 to the Office of Personnel Management, which is necessary to effectuate an employee's resignation. App. at 28. In light of this, the AJ reasoned that because the Army had not officially terminated Mr. Yeressian, the Board lacked jurisdiction over his involuntary resignation claim. Thus, the AJ dismissed the claim, and Mr. Yeressian appealed the dismissal to the full Board.

The full Board affirmed the AJ's dismissal but on different grounds. The Board determined that Mr. Yeressian did not meet his burden to show that his resignation was involuntary. The Board stated that Mr. Yeressian "offered few, if any, factual details to support [the] contentions" contained in his "Resignation in Protest" letter. App. at 20. The Board further stated that although 5 C.F.R. § 715.202(b) permits an employee to withdraw a resignation at any time before its effective date, Mr. Yeressian's "Resignation in Protest" letter was submitted to the Board two months after the effective date of his resignation. Accordingly, the Board affirmed the AJ's dismissal. Mr. Yeressian appeals, and this court has jurisdiction under 5 U.S.C. § 7703.

## II.

This court "must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence." *Addison v. Dep't of Health and Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991); *see also* 5 U.S.C. § 7703(c) (2012).

Mr. Yeressian argues that he withdrew his resignation before its effective date, thereby rendering his resig-

nation null.  He also argues that his July 31, 2010 resignation letter specifying June 7, 2010 as his last day was invalid as a matter of law because, according to Mr. Yeressian, "[a] resignation cannot be retroactively applied."  Pet. Br. Form 11.

Contrary to his assertion, Mr. Yeressian did not withdraw his resignation before its effective date.  The effective date specified in Mr. Yeressian's resignation letter was June 7, 2010.  He did not send his "Resignation in Protest" letter to the Board until August 2, 2010.  Therefore, it is not possible that Mr. Yeressian withdrew his resignation before the resignation became effective.

Mr. Yeressian's argument that a resignation cannot be retroactively applied also lacks merit.  Mr. Yeressian fails to cite any law, rule, or regulation that his resignation was invalid or inconsistent with 5 C.F.R. § 715.202(a), which states that "[a]n employee is free to resign at any time [and] to set the effective date of his resignation."  5 C.F.R. § 715.202(a).

Due to the foregoing reasons, the decision of the Board is affirmed.  Mr. Yeressian's remaining arguments have been carefully considered and found unpersuasive.

**AFFIRMED**