**Monty D. ADDISON, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 91–3097.

United States Court of Appeals, Federal Circuit.

Sept. 25, 1991.

Rehearing Denied Dec. 19, 1991.

Lionel Mills, Houston, Tex., submitted for petitioner.

Lisa B. Donis, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director. Also on the brief was Timothy M. White, Office of Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., of counsel.

Before NIES, Chief Judge, and CLEVENGER and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

Monty D. Addison appeals a final decision of the Merit Systems Protection Board (Board) affirming a removal action by the Department of Health and Human Services (HHS). We affirm.

**I**

Addison was hired by HHS on February 4, 1986, as a GS–10 Social Insurance Claims Representative. On June 16, 1986, he received an unsatisfactory performance evaluation for the period from the date of hire through May 31, 1986. His performance in a critical element relating to decisionmaking was deemed unsatisfactory because, first, his accuracy rate was below the minimally acceptable level of 83% and, second, his completion rate was below the 97% required. He was placed on a performance improvement plan (PIP I) until September 30, 1986. Following PIP I, Addison was re-evaluated. His accuracy and completion rates were still unacceptable at, respectively, 81.9% and 39.5%. Addison's supervisor explained what actions were needed in order to improve, and placed Addison on a second performance improvement plan (PIP II) through November 30, 1986.

By letter of proposed removal, dated December 12, 1986, the supervisor informed Addison that his performance had remained unsatisfactory because, during PIP II, he had failed to complete claims that had been due September 30, 1986, and achieved an accuracy rate of only 73%. HHS removed Addison, effective February 1, 1987, under Chapter 43 of Title 5 of the U.S.Code (1988). Addison timely appealed to the Board. HHS cited 30 specific instances of unacceptable performance during PIP I. At a hearing, Addison's supervisor testified that she arrived at the judgment that Addison's accuracy rate during PIP II was unacceptable by dividing the number of errors found by the total number of cases handled by Addison. She did not testify to any specific instances of unacceptable performance during PIP II nor were there specific instances in the HHS file.

The Administrative Judge (AJ) reversed the removal action, relying on *Brown v. Veterans Admin.*, 32 M.S.P.R. 696 (1987) (*Brown I*), in which the Board held that in a removal action the agency may only rely on incidents of unacceptable performance that occurred during the PIP immediately preceding removal (in this case, PIP II). Since HHS had provided specific instances of unacceptable performance for PIP I only, the AJ held that HHS had failed to prove unacceptable performance under Chapter 43. HHS petitioned for review of the AJ's initial decision.

After issuance of the initial decision in this case, the Board granted the Government's petition for reconsideration of *Brown I*. Upon learning of the reconsideration of the *Brown* case, Addison filed an amicus brief in that case. In its reconsideration decision in the *Brown* case, the Board held that the basis for removal actions under 5 U.S.C. § 4303(c)(2)(A) was not restricted to evidence of unacceptable performance during the PIP immediately preceding removal. *Brown v. Veterans Ad-*

*min.,* 44 M.S.P.R. 635, 642–43 (1990) (*Brown II*). Instead, in *Brown II,* the Board held that the agency may rely on incidents of unacceptable performance preceding a failed PIP so long as the incidents occurred within the same critical elements for which the employee was placed on the PIP and within one year preceding the notice of proposed action. *Id.*

Thereafter, the Board granted HHS' petition for review in this case. In affirming Addison's removal, the Board held that the AJ erred in finding that the basis for Addison's removal was his performance prior to his PIP. Rather, the agency had properly based his removal on his continuing unacceptable performance during his second PIP in the critical element of decisionmaking in cases that had been assigned before PIP II as well as evidence of unacceptable performance before PIP II. 46 MSPR 261. Addison petitions this Court for review of the Board's decision.

## II

We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); *Phillips v. United States Postal Serv.,* 695 F.2d 1389 (Fed.Cir. 1982).

Addison contends that his removal was unsupported by substantial evidence, in part because he disagrees with the rule in *Brown II,* in part because he contends there was insufficient proof of unsatisfactory performance during his final PIP, and in part because of his view that the Board erroneously credited the testimony of his supervisor.

## III

■ There can be no doubt that *Brown II* is a correct statement of the law concerning the timing of incidents of unacceptable performance upon which the agency may rely. The relevant statute, 5 U.S.C. § 4303(c), provides, in pertinent part, that:

The decision to retain, reduce in grade, or remove an employee ... (2) in the case of a reduction in grade or removal, may be based only on those instances of unacceptable performance by the employee (A) which occurred during the 1–year period ending on the date of the notice.

In *Brown II,* the Board specifically quoted our interpretation of this statutory section from *Martin v. FAA,* 795 F.2d 995 (Fed.Cir.1986), where this court responded to an argument that the agency could not rely on pre-notice period conduct as a basis for a removal action:

Lastly, it is irrelevant that many of the charges in the notice of proposed removal were based upon unacceptable performance which occurred prior to the date of the notice of deficient performance. The statute clearly provides that a removal decision may be based upon instances of unacceptable performance "which occurred *during the 1–year period ending on the date of notice [of the proposed removal]."* 5 U.S.C. § 4303(c)(2)(A) (emphasis added). Thus, reliance upon any incidents of unacceptable performance which occurred from October 17, 1983, through October 17, 1984, was entirely proper.

*Martin,* 795 F.2d at 998.

So too here. The agency was entitled to rely upon the 30 examples of unacceptable performance during PIP I, provided that it proved that Addison did not successfully complete PIP II, a *proviso* that leads us to Addison's second and third contentions.

■ During the course of PIP II, Addison was instructed to process his workload accurately and continuously, to maintain an accuracy rate of 83% or higher, and to clear all of his backlog. Based in large part upon the testimony of Addison's supervisor, as to which Addison complains too much credibility was given, the Board concluded that Addison did not satisfactorily complete PIP II. We have reviewed the evidence and cannot find fault with the Board's conclusion.

Since Addison failed to perform satisfactorily during PIP II, and the admissible evidence of specific instances of unac-

ceptable performance in the year preceding removal was overwhelming, we are left with no choice but to affirm the decision of the Board.

AFFIRMED.