NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEELA H. SHERMAN,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3015

---

Petition for review of the Merit Systems Protection Board in No. SF0752120193-I-1.

---

Decided: September, 12, 2013

---

SANDRA RANDLE FORDJOUR, Randle Fordjour & Associates, of Arlington, Texas, for petitioner.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were BRYAN G. POLISUK, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge,* NEWMAN, and DYK, *Circuit Judges.*

PER CURIAM

The Merit Systems Protection Board (Board) dismissed Leela Sherman's appeal for lack of jurisdiction because her resignation from the Internal Revenue Service (IRS) was not involuntary. Because the Board's decision is in accordance with law and supported by substantial evidence, this court affirms.

I.

Ms. Sherman was employed with the IRS as a Senior Internal Revenue Agent. In May 2009, she settled a discrimination lawsuit against the IRS in district court. Under the terms of the settlement agreement, the IRS agreed to retroactively promote Ms. Sherman to a general schedule (GS) 14, Step 1 as of November 2006; to retroactively promote her to Step 2 as of November 2007; and to retroactively promote her to Step 3 as of November 2008. The IRS also agreed to pay Ms. Sherman back pay. The settlement agreement further stated that:

> Defendants and Plaintiff agree that Plaintiff will retire or resign from the IRS on or about December 26, 2009, but not later than the start of the first pay period of calendar year 2010, as a Revenue Agent, GS 14-3. Plaintiff agrees that this retirement date is irrevocable and supported by valuable consideration. If Plaintiff, for any reason, fails to retire from the IRS by December 26, 2009 or the start of the first pay period of calendar year 2010, signature on this document shall serve as her resignation from employment with the IRS.

Appellee's App. at 63.

Ms. Sherman did not retire or resign under the terms of the settlement agreement. On November 21, 2011, the

IRS generated a Notification of Personnel Action for her resignation, effective January 3, 2010 (the start of the first pay period of the 2010 calendar year). Ms. Sherman appealed her removal to the Board, alleging *inter alia* involuntary removal and discrimination. The IRS responded that the 2009 settlement agreement effected Ms. Sherman's removal.

On February 13, 2012, the Administrative Judge (AJ) dismissed the appeal for lack of jurisdiction because Ms. Sherman did not make a non-frivolous allegation that her resignation was involuntary. The AJ held that the language of the settlement agreement was unambiguous and that Ms. Sherman had voluntarily agreed to resign or retire by January 3, 2010. The AJ rejected Ms. Sherman's argument that the IRS abandoned the stipulation or rendered it invalid by failing to promptly process her resignation. Furthermore, because the AJ determined that the Board lacked jurisdiction over Ms. Sherman's appeal, he did not reach Ms. Sherman's allegations of discrimination. The full Board affirmed the AJ's decision, and Ms. Sherman appeals to this court.

## II.

This court "must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence." *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991); *see also* 5 U.S.C. § 7703(c) (2012).

Ms. Sherman argues that the settlement agreement "relied upon by the AJ is labeled as 'Proposed' . . . and does not contain a signature of a Judge or Presiding Officer." Appellant's Br. at 4. Therefore, according to Ms. Sherman, there is "[n]o evidence . . . that the Stipulation was fully executed and final." *Id.*

Because the Board did not receive this argument, this court considers it waived. *Sargent v. Dep't of Health & Human Serv.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000) ("Our precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision on the basis of assertions never presented to the presiding official or to the [B]oard."). Moreover, Ms. Sherman actually conceded to the Board that the settlement agreement was valid and fully executed. Appellee's App. at 76 ("The appellant confirmed that she does not dispute that she signed the 2009 stipulation and that she is not arguing that the stipulation is invalid . . . .").

Next, Ms. Sherman argues that "no credible evidence has been presented that Ms. Sherman's removal was based on the purported settlement agreement," and not based on some other reason for which the Board might have jurisdiction. Appellant's Br. at 5. Although this argument did not appear before the Board either, it is unavailing. Soon after Ms. Sherman's removal, the IRS's Chief Counsel notified Ms. Sherman by letter that her removal was based on "the fully executed settlement agreement that resolved Ms. Sherman's separation from the IRS." Appellee's App. at 43. Ms. Sherman has not offered any persuasive reason calling into question the credibility and effect of this letter.

Ms. Sherman further argues that her removal was unlawful because the "settlement agreement . . . conditions Ms. Sherman's resignation on a future occurrence or lack of a future occurrence of a specific condition, namely, a failure to retire. [It] does not contain a present, definite and unequivocal intent by Ms. Sherman to resign her position in November 2011, retroactively." Appellant's Br. at 6. This argument lacks merit. A settlement agreement with conditions does not become invalid so long as the conditions are definite and unequivocal. *See Hammond v. Dep't of the Navy*, 50 M.S.P.R. 174, 181 (1991). This court agrees with the AJ that "any reasonable person reading

[the settlement agreement] would understand that [Ms. Sherman] had agreed to resign. . . . [T]he resignation was conditional—it would take effect only if [Ms. Sherman] failed to retire by the start of the first pay period of 2010. . . . T]here is no uncertainty as to what [Ms. Sherman] meant." Appellee's App. at 4–5. Ms. Sherman did not retire, and this triggered her resignation effective January 3, 2010.

### III.

Ms. Sherman's remaining arguments have been carefully considered and found unpersuasive. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**