NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BARBARA L. GIPSON,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2013-3157

---

Petition for review of the Merit Systems Protection Board in No. AT0752120418-I-2.

---

Decided: December 9, 2013

---

BARBARA L. GIPSON, of Morrow, Georgia, pro se.

WILLIAM P. RAYEL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before RADER, *Chief Judge,* PROST and HUGHES, *Circuit Judges.*

PER CURIAM.

Barbara Gipson appeals the final decision of the Merit Systems Protection Board, concluding that the Administrative Judge properly dismissed her appeal because she had voluntarily entered into a settlement agreement with her employing agency, the Internal Revenue Service. Because the Board's conclusion that Ms. Gipson entered into a valid settlement agreement is in accordance with law and supported by substantial evidence, we *affirm*.

I.

Ms. Gipson worked at the IRS as a Contact Representative. Effective March 5, 2012, the IRS removed Ms. Gipson from that position. She appealed her removal alleging disability discrimination and denial of reasonable accommodations.

Ms. Gipson's appeal hearing was scheduled for September 19, 2012. On the morning of the hearing, Ms. Gipson entered into a settlement agreement with the IRS. Under the terms of the settlement agreement, the IRS agreed to convert Ms. Gipson's removal to a retirement, pay her compensatory damages of $8,600, and provide her with a neutral job reference. App. 29–30. In return, she agreed to withdraw all lawsuits or judicial actions against the IRS and agreed not to file any additional actions against the IRS relating to her employment there. App. 30. The settlement agreement further stated:

> [Ms. Gipson] acknowledges that she has had sufficient time to consider the conditions and terms of this Agreement . . . she was afforded the opportunity to consult with counsel prior to signing this agreement . . . she has read, understands, and agrees to each of its provisions and that she vol-

untarily enters into this Agreement without coercion or duress on the part of any party or entity.

App. 31.

At the hearing, the AJ explained each provision of the settlement agreement to Ms. Gipson. The AJ also gave her an opportunity to ask questions. After doing so, the AJ asked Ms. Gipson on two separate occasions if she understood and agreed to the settlement terms. Ms. Gipson said "yes" both times. Then the AJ found that the settlement agreement was lawful, entered into voluntarily, and understood by the parties. Accordingly, the AJ held that the settlement agreement was dispositive and dismissed the appeal.

Ms. Gipson appealed to the Board alleging an "inability to proper[ly] represent [her]self before the MSPB without an attorney . . . due to finances." App. 33. Ms. Gipson argued that "[w]ithout an attorney, [she] may have missed out on key information or some key points." App. 34. She also asked the Board to "review the initial decision . . . to see if [the] initial decision was unlawful." App. 33.

The Board found that Ms. Gipson's lack of representation did not make the settlement agreement invalid. App. 20 (citing *Feathers v. Office of Pers. Mgmt.*, 27 M.S.P.R. 485, 487 (1985)). Further, because the case was settled, the Board determined that arguments regarding the underlying merits of the removal were not relevant. Accordingly, the Board denied Ms. Gipson's petition for review and affirmed the AJ's decision.

Ms. Gipson appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

## II.

This court "must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or other-

wise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence." *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991); *see also* 5 U.S.C. § 7703(c) (2012).

A party may challenge the validity of a settlement agreement if she believes that it is unlawful, involuntary, or the result of fraud or mutual mistake. *See, e.g., Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000); *Hinton v. Dep't of Veterans Affairs,* 119 M.S.P.R. 129, 132 (2013). However, "mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement." *Hinton,* 119 M.S.P.R. at 132. In this case, the Board reviewed the AJ's decision that the settlement agreement was valid and determined that Ms. Gipson "suggested no basis for invalidating the settlement agreement." App. 21.

On appeal, Ms. Gipson does not appear to challenge the validity of her settlement agreement nor does she allege any facts that suggest the settlement agreement is invalid. Even if Ms. Gipson had raised the issue of the validity of her settlement agreement, substantial evidence supports the Board's decision. The AJ explained the settlement agreement to Ms. Gipson at her hearing. She was given the opportunity to ask questions, and the AJ clarified the provisions that Ms. Gipson indicated she did not understand. She then verbally indicated—two separate times—that she understood each term of the settlement agreement. By signing the settlement agreement, she further acknowledged that she had been given sufficient time to consider the settlement terms, that she understood them, and that she was entering into the agreement voluntarily. Ms. Gipson has not provided any evidence or argument that the settlement agreement is unlawful, was entered into involuntarily, or was the result of fraud or mistake. Thus, substantial evidence

supports the finding that the settlement agreement is valid.

Instead of challenging the validity of the settlement agreement, Ms. Gipson primarily argues that the IRS erred in removing her. Specifically, she alleges that the IRS failed to make accommodations for her despite being informed of her health issues, and that she was not treated in the same way that other employees were treated. *See* Corrected Pet. Br. 29, 31. Because she agreed to a settlement, though, these arguments and the merits of the underlying removal were not properly before the Board and thus, are not properly before this court. *See, e.g.*, *Wallace v. Dep't of the Air Force*, 879 F.2d 829, 832–33 (Fed. Cir. 1989) (applying the "general principle" that appellate courts will not consider "an issue that was not properly raised before or decided by the Board").

## III.

Because Ms. Gipson's settlement agreement is valid, the Board correctly denied her petition for review and properly declined to consider the merits of her removal. Accordingly, we affirm.

**AFFIRMED**

COSTS

No costs.