NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAMDY ALEX ABOU-HUSSEIN,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3001

---

Petition for review of the Merit Systems Protection Board in No. AT1221110850-W-1.

---

Decided: March 6, 2014

---

HAMDY ALEX ABOU-HUSSEIN, of Hendersonville, North Carolina, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before LOURIE, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Alex Abou-Hussein appeals a final decision by the Merit Systems Protection Board dismissing his Individual Right of Action appeal for lack of jurisdiction. Because Mr. Abou-Hussein failed to prove that he exhausted his administrative remedies before the United States Office of Special Counsel, we *affirm*.

I.

Mr. Abou-Hussein worked as a project engineer at the Department of the Navy's Space and Naval Warfare (SPAWAR) systems center. After allegedly disclosing contract fraud by several SPAWAR officials, Mr. Abou-Hussein filed a whistleblower reprisal complaint at the United States Office of Special Counsel (OSC). *See* Whistleblower Protection Act of 1989, Pub. L. No. 101-12, § 4, 103 Stat. 16, 32 (current version at 5 U.S.C. §§ 2302(b)(8), (b)(9) (2012)). In his complaint, Mr. Abou-Hussein alleged that he had suffered various reprisals for blowing the whistle, including poor performance evaluations, denial of pay increases, a change in duties and responsibilities, a hostile work environment, placement on absent without leave status, inability to review his personnel records, an unwarranted criminal investigation, a referral for psychiatric evaluation, death threats, and false allegations of espionage, terrorism, substance abuse, and mental illness. OSC denied Mr. Abou-Hussein's claim for relief, and he filed an Individual Right of Action (IRA) appeal at the Merit Systems Protection Board. *See* Whistleblower Protection Act § 3, 103 Stat. at 29–31 (current version at 5 U.S.C. § 1221 (2012)).

The Navy moved to dismiss Mr. Abou-Hussein's IRA appeal for lack of jurisdiction. The Board then ordered Mr. Abou-Hussein to file a jurisdictional statement accompanied by evidence. After he responded to the Board's order, the evidence before the Board included the following: (1) a 2009 closure letter from OSC regarding an

earlier whistleblower complaint filed by Mr. Abou-Hussein; (2) a 2011 notification of Board appeal rights from OSC regarding the complaint at issue here; (3) a letter from Senator Claire McCaskill, Chairman, Subcommittee on Contracting Oversight, to the Honorable Gordon S. Heddell, Inspector General for the Department of Defense; (4) a 2011 sworn affidavit detailing the events surrounding Mr. Abou-Hussein's allegations; and (5) an undated Chronological Statement also detailing the events surrounding Mr. Abou-Hussein's allegations.

After reviewing these materials, the Board stated that it was "unable to discern whether any of the disclosures alleged by the appellant in the instant appeal were raised before OSC." App. to Resp. Br. 7. Thus, the Board found that Mr. Abou-Hussein "failed to prove that he exhausted his OSC administrative remedies" and dismissed his appeal for lack of jurisdiction in a Final Order. *Id.*

Mr. Abou-Hussein now asks us to vacate the Board's Final Order and to order a jurisdictional hearing. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.

We must affirm final Board decisions unless they are (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2012); *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991). We review the Board's factual findings for substantial evidence, defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hathaway v. Merit Sys. Prot. Bd.*, 981 F.2d 1237, 1240 (Fed. Cir. 1992) (quoting *Bradley v. Veterans Admin.*, 900 F.2d 233, 234 (Fed. Cir. 1990)) (internal quotation marks omitted). Whether the Board has jurisdiction over an appeal is a question of

law that this court reviews de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

To establish the Board's jurisdiction over an IRA appeal, a petitioner must make nonfrivolous allegations that he engaged in whistleblowing activity by making a protected disclosure and that, because of the protected disclosure, the agency took or failed to take a "personnel action" as defined by 5 U.S.C. § 2302(a). *Schmittling v. Dep't of the Army*, 219 F.3d 1332, 1336 (Fed. Cir. 2000). A petitioner must also establish that he sought corrective action from OSC and that he exhausted his available administrative remedies at OSC. *Schmittling*, 219 F.3d at 1336; *see also* 5 U.S.C. § 1214(a)(3) (2012).

The Board determines whether a petitioner has exhausted the available remedies at OSC based only on information submitted to OSC prior to closure of his case. *See Willis v. Dep't of Agric.*, 141 F.3d 1139, 1144 (Fed. Cir. 1998); *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1036 (Fed. Cir. 1993). Accordingly, a petitioner has exhausted the available remedies at OSC only if he has informed OSC of the precise ground of his whistleblowing claim and provided OSC with a sufficient basis to investigate the claim. *Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed. Cir. 1992). In other words, the materials an employee submits to OSC must "articulate with reasonable clarity and precision the basis for his request for corrective action." *Ellison*, 7 F.3d at 1037. A petitioner must prove before the Board that he submitted such materials to OSC. *See id.*

Here, the Board correctly concluded that neither the 2009 closure letter nor the 2011 notification of Board appeal rights identifies any of Mr. Abou-Hussein's alleged disclosures.

Similarly, Mr. Abou-Hussein cannot rely on Senator McCaskill's letter to establish jurisdiction. Nothing in the record establishes that Mr. Abou-Hussein submitted the

letter to OSC. Moreover, the letter does not adequately explain how the Navy allegedly took or failed to take a personnel action because of the disclosures referred to in Senator McCaskill's letter.

The Board also considered Mr. Abou-Hussein's 2011 affidavit. Because this date occurred well after OSC closed Mr. Abou-Hussein's case, OSC never considered the affidavit. Moreover, Mr. Abou-Hussein's affidavit did not identify any specific disclosures he allegedly made to OSC or personnel actions allegedly brought to OSC's attention. In relevant part, it merely stated, "May 2, 2008, Hussein reported to the Office of Special Counsel (OSC), Disclosure Unit, allegations of fraud, waste, abuse, gross mismanagement, and abuse of authority by SPAWAR senior employees for D048 violations." App. to Resp. Br. 82.

Finally, the Board considered Mr. Abou-Hussein's undated Chronological Statement. The record does not establish that this statement was ever submitted to OSC. Although Mr. Abou-Hussein claims to have submitted the statement, *id.* at 48, his claim is unsupported. Thus, we agree with the Board that he "has not submitted any evidence to support his bare assertion" that he submitted the Chronological Statement to OSC. *Id.* at 7.

Finally, Mr. Abou-Hussein claims that *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc) entitled him to a jurisdictional hearing on exhaustion. Apart from the fact that *Garcia* addresses adverse action claims rather than the IRA appeal here, nothing in that case or any of our precedent suggests that a jurisdictional hearing is required on the issue of OSC exhaustion. Rather, exhaustion is determined based on the complaint or other written materials submitted to OSC. As the Board explained to Mr. Abou-Hussein, "[t]he test of the sufficiency of [a] claim of whistleblowing to OSC is the statement . . . made in the complaint request-

ing corrective action or in other submissions to OSC." App. to Resp. Br. 43.

For these reasons, we agree with the Board that Mr. Abou-Hussein failed to prove that he exhausted his administrative remedies at OSC. Accordingly, the Board properly dismissed the case for lack of jurisdiction.

**AFFIRMED**

Costs

No costs.