**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN G. WILLIS,
          Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
AT-0752-11-0867-B-1

DATE: August 19, 2014

**THIS FINAL ORDER IS NONPRECEDENTIAL**[1]

Marva Peace, Durham, North Carolina, for the appellant.

Ashley M. Johnson, Esquire, and Richard V. Blake, Esquire, Atlanta,
   Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The agency has filed a petition for review of the remand initial decision, which reversed the appellant's reduction in grade. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency reduced the appellant in grade from his position as a GS-08 Contact Representative (Service Representative) to that of a GS-05 Claims Assistant for unacceptable performance using the procedures set forth in 5 U.S.C. chapter 43. *Willis v. Social Security Administration*, MSPB Docket No. AT-0752-11-0867-I-1 (I-1), Initial Appeal File (IAF) Tab 10, Subtabs 4k, 4m-4o. In the appellant's subsequent Board appeal, the administrative judge noted that the agency submitted extensive evidence that would normally be sufficient to meet its burden of proving that the appellant's performance was unacceptable. IAF, Tab 17, Initial Decision (ID) at 6-7. Nevertheless, because "the agency failed to meet a chapter 43 statutory notice requirement[,]" the administrative judge determined that the agency "was not entitled to rely on any of this evidence for the purpose of establishing that the appellant's performance was unacceptable." ID at 7. Specifically, the administrative judge found that the agency's notice of proposed reduction in grade failed to set forth any specific instances of unacceptable performance, as required by 5 U.S.C. § 4303(b)(1)(A)(i). ID at 7-8; *see* IAF, Tab 10, at 101-03. The administrative

judge further found that, even with respect to the generalized allegations in the notice, the agency failed to set forth the critical elements of the appellant's position involved in each instance of unacceptable performance, as required by 5 U.S.C. § 4303(b)(1)(A)(ii).  ID at 7-8; *see* I-1 File, Tab 10 at 101-03.  Thus, because 5 U.S.C. § 4303(c)(2)(B) mandates that the agency may only base such a reduction in grade on the instances of unacceptable performance for which it complied with the notice and other requirements of 5 U.S.C. § 4303, and the administrative judge determined that the agency's failure to honor those requirements meant there were no such instances on which the agency could rely, he concluded that the agency did not prove by substantial evidence that the appellant failed to meet the established performance standards in one or more critical elements of his position.  ID at 8.  The agency filed a petition for review.  I-1, Petition for Review (PFR) File, Tab 1.  The appellant did not respond.

¶3        Because the Board has consistently found that the notice provisions of 5 U.S.C. § 4303(b)(1) are procedural, and therefore subject to a harmful error analysis, *e.g.*, *Coltrane v. Department of the Army*, 25 M.S.P.R. 397, 403 (1984), we remanded the appeal to the regional office with instructions for the administrative judge to allow the parties to submit additional evidence and argument and to consider first whether the agency violated the appellant's due process rights and then, if not, to consider whether the same facts support a finding of harmful error and to adjudicate the appeal on the merits if he found no such error, *Willis*, MSPB Docket No. AT-0752-11-0867-I-1, Remand Order (May 3, 2013).  After affording the parties an opportunity to submit evidence and argument on the issues of due process and harmful error, the administrative judge found that the agency did not violate the appellant's due process rights, either by failing to provide a notice to which he could meaningfully respond or by considering information that was not included in the agency's proposal notice.  *Willis v. Social Security Administration*, MSPB Docket No. AT-0752-11-0867-B-1 (B-1), Remand File, Tab 5, Remand Initial Decision (RID) at 6-17.  On the

issue of harmful error, the administrative judge identified two possible claims of harmful error at issue in this appeal, namely that the agency committed harmful procedural error:   (1) under 5 U.S.C. § 4301(b)(1) by failing to provide the appellant with the notice required by that section; and (2) under 5 U.S.C. § 4302(c)(2)(B) by basing its decision on instances of unacceptable performance for which the agency failed to comply with the notice requirements of 5 U.S.C. § 4303.[2]  RID at 18.

¶4      On the first of these claims, the administrative judge found that the appellant failed to establish by preponderant evidence that the agency's error in not providing him with the notice required by 5 U.S.C. § 4303(b)(1) was likely to have caused the agency to reach a different conclusion in the absence or cure of the error.  RID at 18.  Specifically, the administrative judge found that the appellant failed to establish that a proposal notice that complied with the notice requirements of 5 U.S.C. § 4303(b)(1) would have allowed him to formulate a response that may have convinced the deciding official to impose a lesser penalty. RID at 18.

¶5      On the second claim of harmful error, the administrative judge found, as he did in his first initial decision, ID at 7-8, that the agency failed to meet the notice requirements set forth in 5 U.S.C. § 4303(b)(1) regarding any specific instances of unacceptable performance; he found further that the deciding official credibly testified that she wanted to follow the proper procedure in arriving at her decision and that she was willing to follow the instructions provided to her regarding the information she could consider in reaching that decision, RID at 19-20.  Thus, the administrative judge found that the appellant had established that it was likely that the deciding official, "if properly informed that the statute limited her to

---

[2] In his remand initial decision, the administrative judge again found that the appellant failed to prove that the agency discriminated against him on the basis of his disability. RID at 9-12.  The appellant does not challenge this finding on review of the remand initial decision, and we see no reason to disturb this finding.

considering only those specific instances of unacceptable performance for which the agency complied with the notice requirements of 5 U.S.C. § 4303, would have determined that the evidence (which, as set forth above, included no specific instances of unacceptable performance on which the agency was entitled to rely) was insufficient to support a decision that the appellant's performance failed to meet the established performance standards of the critical elements of his position." RID at 21.

¶6 In its petition for review of the remand initial decision, the agency contends that the administrative judge improperly interpreted and applied the harmful error standard. B-1, Remand Petition for Review (RPFR) File, Tab 1 at 6, 22-32. It argues that, rather than ask, as the administrative judge did, whether a different decision would have been made if the deciding official had been properly informed that she was prohibited by 5 U.S.C. § 4303(c)(2)(B) from basing her decision on instances of unacceptable performance for which the agency failed to provide statutorily sufficient notice, "the proper way to assess the likely effect of the error would be to consider the probable outcome if the deciding official had based her decision on a notice that was sufficient under the statute." RPFR File, Tab 1 at 25. Although the agency claims that the administrative judge's analysis "would ultimately lead to a finding of harmful procedural error in almost every case involving facts questioning the sufficiency of an agency's notice," *id.*, it could also be said that the agency's formulation would almost never result in a finding of harmful error. Moreover, the agency's argument that 5 U.S.C. § 4303 fails to address an agency's duty to properly inform its deciding officials that the statute limits them to considering only those specific instances of unacceptable performance for which the agency gave proper notice, RPFR File, Tab 1 at 25 n.4, does not establish that a deciding official is absolved of her responsibility to follow the law in effecting an action under chapter 43 in the absence of such an explicit iteration.

¶7        The cases cited by the agency in support of its arguments regarding harmful error, *see* RPFR File, Tab 1 at 26-27, are distinguishable from the instant matter in which the administrative judge observed that both the agency's notice and contemporaneous assessment of the appellant's performance failed to have the requisite specificity, RID at 10-12, and the appellant did not respond to the agency's proposed action.  In each of the cases the agency cited, the Board either found that the agency's notice itself was statutorily sufficient or found a redeeming factor that obviated the harm caused by the agency's failure to provide the required notice.  For example, in *Cranwill v. Department of Veterans Affairs*, 52 M.S.P.R. 610, 614-15 (1992), the Board found that the agency's notice was sufficient in that it identified each of the files alleged to contain errors as well as the type of error involved.  Additionally, the appellant in that case filed a response to the agency's proposal in which he did not object to the lack of specificity.  *Id.*  In *Addison v. Department of Health & Human Services*, 46 M.S.P.R. 261, 267 (1990), *aff'd*, 945 F.2d 1184 (Fed. Cir. 1991), the Board found that the appellant's performance improvement plan identified the specific cases for which his performance was not acceptable.  In *Mouser v. Department of Health & Human Services*, 30 M.S.P.R. 619, 622-24 (1986), the agency's proposal cited 12 specific examples which were in and of themselves sufficient to carry the agency's burden of proof.  Lastly, in *Christenhusz v Department of the Army*, 28 M.S.P.R. 585, 586-87 (1985), the appellant's contemporaneous performance assessment cited specific instances of unsatisfactory performance and the applicable critical elements.  The record does not indicate that any of these ameliorating circumstances are present in the instant matter.  We therefore agree with the administrative judge that the agency committed harmful procedural error.

**ORDER**

¶8      Accordingly, we ORDER the agency to cancel the appellant's reduction in grade and to restore the appellant to the position of Contract Representative, GS-0962-08, retroactive to April 25, 2010.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶9      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶10     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶11     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶12     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation

necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you do not want to request review of this final decision concerning your discrimination claims, but you do want to request review of the Board's decision

without regard to your discrimination claims, you may request review of this final decision on the other issues in your appeal by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.