## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARLA M. PABLOS-VAZIRA,
                     Appellant,

          v.

SOCIAL SECURITY
     ADMINISTRATION,
                     Agency.

DOCKET NUMBER
SF-0432-16-0226-I-1

DATE: February 14, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Allen A. Shoikhetbrod, Esquire, Albany, New York, for the appellant.

Asim Hemant Modi, Esquire, and Heather Moss, Esquire, San Francisco,
     California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her reduction in grade for unacceptable performance under 5 U.S.C. chapter 43.  For the reasons discussed below, we GRANT the appellant's petition

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

for review and REMAND the case to the Western Regional Office for further adjudication consistent with *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2    The appellant served as a Paralegal Specialist, GS-0950-12, in the agency's Office of Disability Adjudication and Review in Los Angeles, California, from April 2001 until her reduction in grade to a Legal Assistant, Senior Case Technician, GS-0986-08. Initial Appeal File (IAF), Tab 5 at 93-100, Tab 6 at 8. In November 2013, the agency issued the appellant a performance plan for the 2014 rating period. IAF, Tab 7 at 122-24. In March 2014, the appellant's supervisor issued her a Performance Assistance plan to improve her performance in two critical elements, Demonstrates Job Knowledge and Achieves Business Results, which lasted for 30 days. *Id.* at 113-20. In April 2014, the appellant's supervisor informed her that her performance continued to need improvement, and in May 2014, the appellant's supervisor issued her an Opportunity to Perform Successfully plan in the critical elements of Demonstrates Job Knowledge and Achieves Business Results, which was effective from May 12 to September 23, 2014. *Id.* at 68-69, 80-91. In November 2014, the appellant's supervisor rated her performance for 2014 as unsuccessful. IAF, Tab 6 at 170-72.

¶3    On July 31, 2015, the appellant's supervisor proposed her reduction in grade to a Legal Assistant, Senior Case Technician, for unacceptable performance in the critical elements of Demonstrates Job Knowledge and Achieves Business Results. *Id.* at 7-24. On September 17, 2015, the appellant provided a written reply to the proposed reduction in grade. IAF, Tab 5 at 112-44. On October 28, 2015, the deciding official issued a memorandum which specified the grade and step to which the appellant would be demoted, GS-0986-08, Step 10; clarified that the appellant had completed three out of 13 decisions within management-assigned timeframes; and provided the appellant with an opportunity

to reply to the memorandum. *Id.* at 110-11. The appellant did not reply. On December 11, 2015, the deciding official issued a decision sustaining the proposed reduction in grade, effective December 13, 2015. *Id.* at 94-100.

¶4 The appellant timely filed an appeal in which she challenged the reduction in grade and requested a hearing. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 60, Initial Decision (ID). Specifically, the administrative judge found that the agency proved by substantial evidence that, despite a reasonable opportunity to improve, the appellant's performance was unacceptable in both critical elements at issue, the appellant did not prove her affirmative defenses of discrimination on the bases of age and sex, and the agency's delay in issuing a decision following the issuance of the proposal to reduce the appellant in grade was not harmful. ID at 8-34.

¶5 The appellant has timely filed a petition for review of the initial decision, and the agency has opposed the petition. Petition for Review (PFR) File, Tabs 3, 9. The appellant has filed a reply to the agency's opposition. PFR File, Tab 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

In light of the court's decision in *Santos*, we remand this appeal to give the parties an opportunity to present evidence and argument regarding whether the appellant's performance during the period leading up to the performance improvement plan was unacceptable.

¶6 At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that: (1) the Office of Personnel Management (OPM) approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve;

and (5) the appellant's performance remained unacceptable in at least one critical element.  *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013).[2]  However, during the pendency of the petition for review in this case, the United States Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth above, the agency must also justify the institution of a performance improvement plan (PIP) by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP.[3]  The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place.  *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. We remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements.  *See id.*, ¶¶ 15-17.

¶7      The administrative judge shall then issue a new initial decision consistent with *Santos*.  *See id.*  If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision, consistent with the findings below.  *See id*. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the

---

[2] In his initial decision, the administrative judge set forth the standard as found in *Belcher v. Department of the Air Force*, 82 M.S.P.R. 230, 232-33 (1999), and *Greer v. Department of the Army*, 79 M.S.P.R. 477, 482 (1998).  ID at 7-8.  Although the standard is worded differently than the standard set forth in *White*, 120 M.S.P.R. 405, ¶ 5, the administrative judge explicitly addressed each element set forth in *White* in his initial decision.  ID at 9-23.

[3] While the agency called its plans the Performance Assistance plan and an Opportunity to Perform Successfully plan, because these plans were designed to improve the performance of an employee performing at an unacceptable level, these plans are considered PIPs.

administrative judge's analysis of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

We affirm the administrative judge's findings that the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance, but her performance remained unacceptable in the two critical elements for which she was provided an opportunity to demonstrate acceptable performance.

¶8      On review, the appellant renews her arguments that the agency did not give her a reasonable opportunity to demonstrate acceptable performance because her supervisor assigned her complex cases, criticized her work for "stylistic differences," imposed time-consuming requirements for daily logs and meetings, failed to provide training, and denied her requests for overtime, credit hours, and telework.[4] PFR File, Tab 3 at 22-25. Upon review of the record, we agree with the administrative judge that the agency's provision of extensive training, a mentor during the period the appellant was given to demonstrate acceptable performance, and written and oral feedback during the performance improvement

---

[4] The appellant also argues that the deciding official testified that she rubberstamped the proposing official's proposal to reduce the appellant in grade. PFR File, Tab 3 at 25. This argument mischaracterizes the deciding official's testimony and is not relevant to whether the agency afforded the appellant a reasonable opportunity to demonstrate acceptable performance. Hearing Transcript, Volume 1 at 180-221 (testimony of the deciding official). Although this argument raises a potential due process violation, the appellant did not provide evidence or argument to support her contention on review, and our review of the record reflects that the deciding official considered the appellant's reply and the documents supporting the proposed reduction in grade, thus the appellant received a meaningful opportunity to respond to the proposed action. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (stating that due process requires, at a minimum, that an employee be given the opportunity to be heard "at a meaningful time and in a meaningful manner").

period of 120 days and an extension of 2 weeks, was sufficient to afford the appellant a reasonable opportunity to demonstrate acceptable performance. ID at 13-16; *see, e.g.*, *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 20 (2013) (finding that the agency afforded the appellant a reasonable opportunity to improve when her supervisor provided detailed written feedback and regularly met with her during the performance improvement period).

¶9    We have similarly considered the appellant's renewed arguments that the agency failed to prove that her performance remained unacceptable because her supervisor assigned her complex decisions that were more suited for GS-13 attorneys, her supervisor's criticisms of her work were stylistic and not based on legal sufficiency, and the agreement rate of the agency's appeals counsel with her decisions demonstrated that her work was legally sufficient. PFR File, Tab 3 at 19-22. However, our review of the appellant's draft decisions, markups of those decisions by her supervisor, and feedback memoranda from her supervisor reflects that the agency showed by substantial evidence that the appellant's performance remained unacceptable in the critical elements at issue.[5] IAF, Tab 6 at 11-20, Tab 7 at 27-79, Tabs 17-19, 23-27; ID at 16-23.

---

[5] On review, the appellant does not dispute the administrative judge's findings that OPM approved the performance appraisal system utilized by the agency in this matter, that the agency communicated to the appellant the performance standards and critical elements of her position, and that the appellant's performance standards were valid. We discern no reason to disturb these findings, as the record reflects that the administrative judge considered the evidence as a whole and drew appropriate inferences from the evidence submitted. ID at 8-13; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

We modify the initial decision to find that the agency did not rescind the July 31, 2015 notice of proposed reduction in grade by issuing an October 28, 2015 clarification memorandum; moreover, the administrative judge properly found that the delay in issuing the decision sustaining the reduction in grade was not harmful.

¶10   On review, the appellant renews her argument, which the administrative judge did not address in the initial decision, that the agency's October 28, 2015 memorandum constituted a new notice of proposed reduction in grade that effectively rescinded the July 31, 2015 notice of proposed reduction in grade, and that the agency's consideration of any evidence of her performance over 1 year prior to the October 28, 2015 notice warrants reversal.[6]  PFR File, Tab 3 at 13-19. Pursuant to 5 U.S.C. § 4303(c)(2)(A), a reduction in grade for unacceptable performance may be based only on instances of unacceptable performance that occurred within the 1-year period ending on the date of the notice of the proposed action, and consideration of instances of unacceptable performance prior to that time period may constitute harmful procedural error. *Addison v. Department of Health and Human Services*, 46 M.S.P.R. 261, 265, 267 n.3 (1990), *aff'd*, 945 F.2d 1184 (Fed. Cir. 1991).  The July 31, 2015 notice issued by the proposing official was 18 pages in length, laid out in detail the instances of the appellant's unacceptable performance upon which the agency relied in proposing the action, notified the appellant of her right to reply to the notice, and was accompanied by lengthy supporting documentation.  IAF, Tab 6 at 7-24.

¶11   In contrast, the October 28, 2015 memorandum was issued by the deciding official, was two pages in length, and contained two pieces of information:  (1) it clarified the grade and step to which the appellant would be reduced, whereas the July 31, 2015 notice only indicated the position to which she was to be demoted; and (2) it clarified that three of 13 decisions were timely completed, whereas the

---

[6] The appellant did not raise this argument until her hearing testimony and closing statement.  Hearing Transcript, Volume 2 at 45 (testimony of the appellant), 55 (the appellant's closing argument).

July 31, 2015 notice stated that only two of 15 decisions were timely. IAF, Tab 5 at 110-11. The agency also provided the appellant with an opportunity to respond to this memorandum, but there is no indication that the agency intended to rescind and replace the July 31, 2015 notice. *Id.* Rather, the October 28, 2015 memorandum appears to have been intended to communicate to the appellant new information that the deciding official considered to rectify a potential due process deficiency. *Cf. Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) (holding that an employee's constitutional due process guarantee of notice, both of the charges and of the employer's evidence, and the opportunity to respond are undermined when a deciding official obtains new and material information through ex parte communications). Accordingly, to the extent the administrative judge erred in failing to address the appellant's argument regarding the two memoranda, such error was not prejudicial to the appellant because the administrative judge properly considered the July 31, 2015 memorandum as the notice of proposed reduction in grade and reviewed the instances of unacceptable performance upon which the agency relied, which occurred within 1 year from the date of the notice. ID at 6-7.

¶12     We also affirm the administrative judge's finding that, although the agency failed to timely issue a decision sustaining the reduction in grade, the 4-month delay was not harmful, as the appellant has not shown that the delay affected the outcome of the performance action. ID at 32-34; *see Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶¶ 6-8 (2002) (finding that the 13-month delay in the issuance of the decision was not harmful).

We affirm the administrative judge's finding that the appellant did not prove her affirmative defenses.

¶13     On review, the appellant reiterates her arguments that discrimination on the bases of age, sex, and parental status were motivating factors in her reduction in grade. PFR File, Tab 3 at 25-29. We do not consider her argument regarding discrimination on the basis of parental status because she withdrew this

affirmative defense during the proceedings below. IAF, Tab 30 at 8-9. We have considered the appellant's remaining arguments, but we discern no basis upon which to disturb the administrative judge's well-reasoned findings denying the appellant's affirmative defenses of age and sex discrimination.[7] ID at 23-32; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016).

## ORDER

¶14   For the reasons discussed above, we REMAND this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                    /s/ for
_____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board
Washington, D.C.

---

[7] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding the appellant's discrimination and retaliation claims, we do not reach the question of whether discrimination and/or retaliation was a "but for" cause of the removal action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶20-25, 30.