NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN YERESSIAN,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2013-3080

---

Petition for review of the Merit Systems Protection Board in No. SF0752090049-C-2.

---

Decided: August 16, 2013

---

JOHN YERESSIAN, of Pasadena, California, pro se.

SCOTT R. DAMELIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director and STEVEN J. GILLINGHAM, Assistant Director. Of counsel was LARRY F. ESTRADA, Assistant District Counsel, United States Army Corps of Engineers, of Los Angeles, California.

---

Before RADER, *Chief Judge,* PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board denied Mr. John Yeressian's petition for enforcement of a prior ruling related to his removal from the Department of the Army (Army). Because Mr. Yeressian raises new arguments on appeal to this court, and because the Board's decision is otherwise in accordance with law and supported by substantial evidence, this court affirms.

## I.

This appeal is related to *Yeressian v. Dep't of the Army*, No. 2013-3079. As described in that opinion, Mr. Yeressian was hired by the Army on November 15, 2004 pursuant to the Student Temporary Employment Program. On October 2, 2005, he entered the Student Career Experience Program (SCEP) as a student trainee in the Army's administration and support division. On April 13, 2008, Mr. Yeressian accepted a transfer to a different SCEP position as a student trainee in the Army's realty division. Unbeknownst to Mr. Yeressian, transferring from the administration and support division to the realty division required him to forfeit his appeal rights in the event that he was terminated. On October 17, 2008, Mr. Yeressian was terminated for poor performance, and he appealed his termination to the Board.

An Administrative Judge dismissed the case because Mr. Yeressian had relinquished his appeal rights. Mr. Yeressian appealed the dismissal to the full Board. The Board determined that the Army should have informed Mr. Yeressian that he would forfeit his appeal rights if he accepted the SCEP realty position. Thus, the Board remanded the case for the AJ to consider whether Mr. Yeressian would have accepted the position had he known that fact.

On remand, the AJ determined that Mr. Yeressian would not have accepted the realty position. On January 21, 2010, the AJ ordered the Army "to cancel [Mr. Yeressian's] removal and to retroactively restore [Mr. Yeressian] effective October 17, 2008." App. at 46. The AJ also ordered the Army to pay Mr. Yeressian back pay. Neither party appealed this decision, and it became final.

Soon after, the Army informed Mr. Yeressian that, pursuant to the January 21, 2010 order, he was being restored to his SCEP realty position. The Army instructed him to report for duty on June 7, 2010. Mr. Yeressian did not report for work, but instead, on July 31, 2010, sent a resignation letter to the Army stating, "Please consider this a formal and official notice [of resignation] . . . effective June 7, 2010." App. at 50–51.

Meanwhile, Mr. Yeressian filed a petition for enforcement alleging that the Army was in noncompliance with the January 21, 2010 order. Mr. Yeressian alleged, *inter alia*, that he should have been restored to a higher position than his SCEP realty position because he had completed certain requirements for advancement prior to his termination. Mr. Yeressian also alleged that the Army failed to provide him back pay.

On April 26, 2012, the AJ denied Mr. Yeressian's petition for enforcement. The AJ drew "inferences adverse to [Mr. Yeressian] in making certain findings" due to litigation misconduct. The misconduct included twice failing to appear at a deposition and refusing to comply with discovery requests, even after the AJ granted the Army's motion to compel and issued a stern warning to Mr. Yeressian. App. at 30. The AJ also noted Mr. Yeressian's odd behavior throughout the case, including leaving "numerous, lengthy telephone voicemail messages at my office, at one point five or six [times] a day" and also immediately hanging up the phone if the AJ answered. App. at 25.

The AJ concluded that the Army reasonably complied with the January 21, 2010 order by offering to restore Mr. Yeressian to his SCEP realty position, which the AJ found to be the *status quo ante* prior to his termination. The AJ rejected Mr. Yeressian's argument that he was entitled to a higher position, finding that Mr. Yeressian lacked a number of qualifications and recognizing that promotion was a matter of discretion committed to the Army.

In regard to back pay, the AJ found that the Army made reasonable efforts to deliver Mr. Yeressian his back pay check and itemized accounting. For example, on July 30, 2010, the Army mailed Mr. Yeressian a check with an itemized accounting to Mr. Yeressian's address of record. This address was confirmed by Mr. Yeressian in an Order Regarding Service of Submissions; however, the check was returned to the Army as unclaimed. On September 3, 2010, the Army re-sent the check, via U.S. Certified Mail, to an alternate address Mr. Yeressian provided to the Army. This check was also returned as unclaimed. In a final attempt, the Army sent forms to Mr. Yeressian and his former legal representative with instructions on how to claim the check. To date, Mr. Yeressian has not attempted to do so.

The AJ found that Mr. Yeressian was receiving the Army's mail and reading its contents, but was returning the mail as unclaimed. For instance, the AJ noted that the Army sent a "notice to return to work" to Mr. Yeressian's address of record that was returned as unclaimed; but soon after, Mr. Yeressian sent a letter to the Board responding to the substance of that letter. App. at 35. In light of the above, the AJ concluded that the Army reasonably complied with the January 21, 2010 order and denied Mr. Yeressian's petition for enforcement.

Mr. Yeressian appealed the AJ's decision to the full Board, alleging that the AJ (1) failed to inform Mr. Yeressian of his burden of proof to establish the Army's noncompliance of the January 21, 2010 order; (2) improperly denied his request for a hearing; (3) improperly drew

adverse inferences against him; and (4) failed to properly analyze which position Mr. Yeressian should be restored to. Mr. Yeressian also challenged the agency's back pay calculation and alleged that the AJ was biased. The Board rejected each of Mr. Yeressian's claims, and Mr. Yeressian appeals part of that decision to this court. This court has jurisdiction under 5 U.S.C. § 7703.

## II.

This court "must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence." *Addison v. Dep't of Health and Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991); *see also* 5 U.S.C. § 7703(c).

Mr. Yeressian argues that the Board erred in denying his petition for enforcement because (1) the Army should have restored him to the SCEP position in the administration and support division—the position he held prior to accepting the transfer to the realty division; and (2) the Army has not provided him any back pay.

As a threshold matter, however, Mr. Yeressian waived his first argument. Mr. Yeressian did not argue to the AJ or the Board that he should be restored to his SCEP position in the Army's administration and support division. Rather, he argued that the *status quo ante* was to restore him to a higher position within the Army's realty division—one that he was not entitled to or qualified for. He cannot now argue for the first time on appeal to this court that he should be restored to a different position. *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000) ("Our precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision on the basis of assertions never presented to the presiding official or to the [B]oard.").

With respect to Mr. Yeressian's argument that he has not received back pay, Mr. Yeressian does not dispute

that the Army made multiple attempts to deliver his back pay check and itemized accounting to him. These efforts included mailing the check via certified mail to the addresses confirmed by Mr. Yeressian, as well as mailing forms to Mr. Yeressian and his legal representative with instructions on how to claim the check. Furthermore, the AJ's finding that Mr. Yeressian was reading the Army's mail but returning them as unclaimed is supported by substantial evidence. Therefore, this court agrees with the Board that the Army reasonably complied with the January 21, 2010 order and affirms the Board's denial of Mr. Yeressian's petition of enforcement.

Mr. Yeressian's remaining arguments have been carefully considered and found unpersuasive. The decision of the Board is affirmed.

**AFFIRMED**