UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JOHN YERESSIAN,
           Appellant,

        v.

DEPARTMENT OF THE ARMY,
           Agency.

DOCKET NUMBER
SF-0752-09-0049-C-5

DATE: December 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Yeressian, Pasadena, California, pro se.

Larry F. Estrada, Esquire, Los Angeles, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the compliance initial decision, which found that his petition for enforcement was barred by res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 There is a lengthy litigation history between this appellant and the agency. In short, after a Board remand, the administrative judge reversed the agency's removal action and ordered the appellant's reinstatement with back pay and benefits.  *Yeressian v. Department of the Army*, 112 M.S.P.R. 21 (2009); *see Yeressian v. Department of the Army*, MSPB Docket No. SF-0752-09-0049-B-2, Initial Decision (Jan. 21, 2010).  Neither party filed a petition for review of that decision.  Numerous appeals followed.  *See, e.g.*, *Yeressian v. Department of the Army*, MSPB Docket Nos. SF-0752-09-0049-A-1, SF-0752-09-0049-C-1, SF-0752-09-0049-C-2, SF-0752-09-0049-C-3, SF-0752-09-0049-C-4, SF-0752-09-0049-D-1, SF-0752-10-0972-I-1, SF-0752-10-0972-C-1.

¶3 In the instant appeal, the appellant indicated that he was appealing the agency's "[f]ailure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement" and "compliance," but he only alleged in a narrative that the agency's back pay amount was incorrect.  Initial Appeal File (IAF), Tab 1.  The agency filed a response, arguing that the petition for

enforcement was barred by res judicata because both the Board and the U.S. Court of Appeals for the Federal Circuit found that the agency complied with the administrative judge's prior order. IAF, Tab 3. The administrative judge agreed with the agency and determined that the appeal was barred by res judicata. IAF, Tab 5, Initial Decision (ID). The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 5. On review, the appellant argues that he was prejudiced by the administrative judge's refusal to refer the petition for enforcement to a settlement judge and by deciding the petition for enforcement without a hearing or notifying him of the close of the record. PFR File, Tab 1. He also alleges that the administrative judge was biased. *Id.*

The administrative judge properly found that the appeal was barred by res judicata.

¶4    Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* Each of these elements has been satisfied with respect to the issues raised in the petition for enforcement.[2]

---

[2] The administrative judge did not specifically discuss the appellant's allegation of agency noncompliance related to "[f]ailure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement," but the administrative judge noted in the compliance initial decision that the appellant has not raised any facts or issues that were not previously adjudicated by the Board or the Federal Circuit. *See* ID at 3. As discussed below, res judicata also bars the appellant from pursuing this allegation of agency noncompliance.

¶5        In *Yeressian v. Department of the* Army, MSPB Docket No. SF-0752-09-0049-C-2, Initial Decision (Apr. 26, 2012), the administrative judge found, among other things, that the agency properly restored the appellant to the GS-05 Student Trainee (Realty) position, and that the agency's attempts to provide back pay to the appellant and the itemized accounting that it produced satisfied the agency's obligation.  The Board affirmed as modified the administrative judge's decision in this regard.  *Yeressian v. Department of the Army*, MSPB Docket No. SF-0752-09-0049-C-2, Final Order (Jan. 28, 2013).  In particular, the Board found without merit the appellant's arguments related to his claim that the agency did not comply with the back pay order, and it affirmed the administrative judge's conclusion regarding the position to which he should have been restored.  Final Order at 4-5 & n.4.  On appeal to the Federal Circuit, the court: (1) noted that the appellant "waived" his argument that the agency should have restored him to his position in the administration and support division, the position he held prior to accepting the transfer to the realty division; and (2) agreed with the Board that the agency "reasonably complied" with the order and affirmed the Board's decision to deny the petition for enforcement.  *Yeressian v. Department of the Army*, 534 F. App'x 965, 968 (Fed. Cir. 2013).  Because we find that the *Peartree* elements are satisfied with respect to the compliance issues raised in this matter, we affirm the administrative judge's conclusion that the appeal is barred by res judicata.[3]

---

[3]  After the agency filed its response to the petition for enforcement, the appellant requested a settlement judge, and he appears to make an additional allegation of agency noncompliance.  *See* IAF, Tab 4 at 4 (alleging that "the agency continues to refer to Appellant's termination in its dealings, including releasing such information to third parties and other agencies").  The administrative judge denied the request for a settlement judge, but he did not address the appellant's allegation of agency noncompliance.  Even if an agency employee referred to the appellant's termination with third parties and/or other agencies, the appellant has not identified, and we are not aware of, any order or agreement that would preclude such references in this regard.

<u>The appellant's remaining arguments are not persuasive.</u>

¶6    The administrative judge did not err by not referring this matter to a settlement judge.   Importantly, the appellant does not have a right to have his appeal referred to a settlement judge.   Contrary to the appellant's assertion on review, the record reflects that the appellant was notified that the record would close 10 calendar days from the date of service of the agency's reply to the petition for enforcement.  *See* IAF, Tab 2 at 2.  Finally, the appellant has no right to a hearing in a compliance matter.   *Knight v. Department of the Treasury*, 113 M.S.P.R. 548, ¶ 16 (2010); *see* 5 C.F.R. § 1201.183(a)(3) ("The judge may convene a hearing if one is necessary to resolve matters at issue.").

<u>There is no evidence of administrative judge bias.</u>

¶7    In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The appellant has not identified, and we are not aware of, any such evidence in this matter.[4]

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[4] The agency recently filed a submission alleging that the appellant refused to accept the agency's response to his petition for review.  *See* PFR File, Tab 6.  In light of our disposition of this matter, we need not address the agency's allegation in this regard.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.