NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARLENE SMITH,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3084

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-10-0059-B-2.

---

Decided: August 20, 2014

---

JEFFREY S. STEPHENS, Quindlen Law Firm, P.A., of Beaufort, South Carolina, argued for petitioner.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before PROST, *Chief Judge,* NEWMAN and HUGHES, *Circuit Judges.*

PER CURIAM.

Arlene Smith alleges that a court order, as modified by a second order, dividing marital property between her and her former spouse entitle her to an annuity under the Federal Civil Service Retirement System. The law gives effect to a modification of an order involving annuities, provided that it is issued before the retirement or death of the employee. Because the Merit Systems Protection Board erred by not considering the second court order, even though it issued before Ms. Smith's former spouse retired from civil service, we vacate and remand.

I

Ms. Smith and her former spouse, Paul Marshall, divorced in March 1987 while Mr. Marshall was a federal employee. A divorce judgment issued that year, dividing the couple's marital property. It included a qualified domestic relations order (1987 order) allocating Mr. Marshall's accrued benefits. In 1999, a court modified the 1987 order (1999 order).

Mr. Marshall retired from federal service in 2005 and died in 2006. Following Mr. Marshall's death, Ms. Smith applied for a former spouse annuity. In 2013, an administrative judge found that the 1987 order provided Ms. Smith a former spouse annuity. The judge, however, ordered a remand to the Office of Personnel Management to consider what effect the 1999 order had on the 1987 order. Martha Marshall, as an intervenor and as Mr. Marshall's spouse at the time of his death, then filed a petition for review. The Board reversed, concluding that the 1987 order did not grant Ms. Smith a survivor annuity. The Board also concluded that it need not address the effect of the 1999 order because it was not the first order

dividing Ms. Smith's and Mr. Marshall's marital property. *See* 5 C.F.R. § 838.1004(e)(1)(ii).

Ms. Smith appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

"We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence." *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991); *see also* 5 U.S.C. § 7703(c).

The law provides that a former spouse of a federal employee is entitled to a survivor annuity if and to the extent a divorce decree or court order expressly so provides. 5 U.S.C. § 8341(h)(1). A modification of the provisions involving an annuity in such a decree or order shall not be effective if made after the retirement or death of the employee concerned. 5 U.S.C. § 8341(h)(4). OPM's regulations state:

> For purposes of awarding, increasing, reducing, or eliminating a former spouse survivor annuity, or explaining, interpreting, or clarifying a court order that awards, increases, reduces or eliminates a former spouse annuity, the court order must be--
>
> > (i) Issued on a day prior to the date of retirement or date of death of the employee; *or*
> >
> > (ii) The first order dividing the marital property of the retiree and the former spouse.

5 C.F.R. § 838.1004(e)(1) (emphasis added); *see also* 5 C.F.R. § 838.806(a)–(b).

In this case, the 1999 order satisfies 5 C.F.R. § 838.1004(e)(1)(i), as Mr. Marshall retired from federal service in 2005 and died in 2006. Thus, as OPM concedes, the Board erred by failing to address the 1999 order.

OPM argues that, despite the Board's error, we may affirm the Board's result on different grounds. According to OPM, the 1987 order, as modified by the 1999 order, cannot be read as awarding a survivor annuity. But in this case, neither the Board nor OPM specifically addressed the 1999 order or its effect on the 1987 order. We decline to do so in the first instance on appeal. *See Byrum v. Office of Pers. Mgmt.*, 618 F.3d 1323, 1332 (Fed. Cir. 2010) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). On remand, the Board and OPM should expeditiously determine the effect, if any, the 1999 order has on the 1987 order.

## III

Because the Board incorrectly determined that it did not have to address the 1999 order, the Board's decision is not in accordance with the law. Accordingly, we vacate and remand.

**VACATED AND REMANDED**

No costs.