## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ARLENE SMITH IN RE PAUL D.
   MARSHALL,

              Appellant,

     v.

OFFICE OF PERSONNEL
   MANAGEMENT,

             Agency,

     and

MARTHA MARSHALL,

          Intervenor.

DOCKET NUMBER
AT-0831-10-0059-M-1

DATE: May 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey S. Stephens</u>, Esquire, Beaufort, South Carolina, for the appellant.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

<u>Patrick D. Riley</u>, Esquire, Lorain, Ohio, for the intervenor.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

# FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), finding that she was not entitled to a former spouse survivor annuity.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REVERSE OPM's reconsideration decision. As explained below, we find that the appellant is entitled to a former spouse survivor annuity.

# BACKGROUND

¶2      This case is before the Board after the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) vacated the Board's decision in *Arlene Smith In re Paul D. Marshall v. Office of Personnel Management*, MSPB Docket No. AT-0831-10-0059-B-2, Final Order (Jan. 22, 2014), in which the Board determined that the appellant was not entitled to a former spouse survivor annuity based on a 1987 qualified domestic relations order (QDRO).  *Smith v. Office of Personnel Management*, 578 F. App'x 973 (Fed. Cir. 2014).  The Federal Circuit remanded the appeal, instructing the Board to consider the effect, if any, of a 1999 modification of the QDRO.  *Id.*  The relevant language of the 1987 QDRO is as follows:

> 7.  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff, ARLENE MARSHALL, shall retain a vested interest in the Defendant's pension with the Federal Civil Service Retirement System pursuant to a duly Qualified Domestic Order which the Court creates herein as follows:
> . . .
> B.  At the time the primary participant, PAUL MARSHALL, actually receives his share of the pension; however, no later than his attaining the age of 65 years, Plaintiff, ARLENE MARSHALL . . . , shall receive a sum equal to 20% of the Defendant's presently vested amount;

C.   Said distribution to the Plaintiff, ARLENE MARSHALL, as alternative recipient shall be for the rest of her life, subject to the terms and conditions of said Retirement Plan.   In the event of the death of the primary participant, . . . the said alternative recipient, ARLENE MARSHALL, . . . shall be entitled to the surviving spouse's allowance as alternative beneficiary in the event said interest is greater than 20%, and in the event the primary participant has not named one or more alternative beneficiaries; however, in no event shall ARLENE MARSHALL's interest be less than said 20% of the presently vested interest as set forth above.
. . .
E.  It is the intention of this Court to create a duly qualified domestic order and the Court retains jurisdiction to do any and all things necessary to enforce its order and intent to provide Plaintiff, ARLENE MARSHALL, with a vested 20% per month of Defendant's retirement benefits with the Federal Civil Service Retirement System as heretofore set forth, pursuant to the Pension Reform Act of 1984, effective January 1, 1985, and pursuant to law.

¶3     *Arlene Smith In re Paul D. Marshall v. Office of Personnel Management*, MSPB Docket No. AT-0831-10-0059-B-1, Appeal File, Tab 6, Subtab 2d at 21-27.  A December 21, 1999 modification of the 1987 QDRO made specific amendments as follows:

1. Paragraph 7(B) is hereby deleted in its entirety and replaced with the following:
    "(B)  At the time the primary participant, PAUL MARSHALL, actually receives his share of the pension; however, no later than his attaining the age of sixty-five (65) years, Plaintiff, ARLENE MARSHALL, . . . shall receive [$338.60] per month;"

2. Paragraph 7(C) is hereby deleted in its entirety and replaced with the following:
    "(C)  Said distribution to the Plaintiff, ARLENE MARSHALL, as alternate recipient shall be for the rest of her life, subject to the terms and conditions of said Retirement Plan."

3. The fourth Line of Paragraph 7(E) is hereby modified to read as follows:
    "provide Plaintiff, ARLENE MARSHALL, with [$338.60]"

4. A new Paragraph 7(G) is hereby added as follows:

> "The Defendant, PAUL MARSHALL, has remarried as evidenced by the marriage license attached hereto as Exhibit B. Defendant's spouse, MARTHA MARSHALL, may be named by Defendant, PAUL MARSHALL, as his surviving spouse for all pension and retirement benefits available to a surviving spouse except for those benefits allocated to the Plaintiff, ARLENE MARSHALL, as set forth in Paragraph 1 of this Journal Entry."

> 5. A new Paragraph 7(H) is hereby added as follows:
> "The Court has considered the requirements and standard terminology provided in Part 838 of Title 5, Code of Federal Regulations. The terminology used in the provisions of this Order that concern benefits under the Civil Service Retirement System are governed by the standard conventions established by that part."

¶4      *Id.* at 17-18. Thus, the 1987 QDRO as modified by the 1999 order provides as follows:

> B. At the time the primary participant, PAUL MARSHALL, actually receives his share of the pension; however, no later than his attaining the age of sixty-five (65) years, Plaintiff, ARLENE Marshall . . . , shall receive [$338.60] per month;

> C. Said distribution to the Plaintiff, ARLENE MARSHALL, as alternative recipient shall be for the rest of her life, subject to the terms and conditions of said Retirement Plan.

> . . .

> E. It is the intention of this Court to create a duly qualified domestic order and the Court retains jurisdiction to do any and all things necessary to enforce its order and intent to provide Plaintiff, ARLENE MARSHALL, with [$338.60] per month of the Defendant's retirement benefits with the Federal Civil Service Retirement System as heretofore set forth, pursuant to the Pension Reform Act of 1984, effective January 1, 1985, and pursuant to law.

> . . .

> G. The Defendant, PAUL MARSHALL, has remarried as evidenced by the marriage license attached hereto as Exhibit B. Defendant's spouse, MARTHA MARSHALL, may be named by Defendant, PAUL MARSHALL, as his surviving spouse for all pension and retirement benefits available to a surviving spouse except for those

benefits allocated to the Plaintiff, ARLENE MARSHALL, as set forth in Paragraph 1 of this Journal Entry.

H.    The Court has considered the requirements and standard terminology provided in Part 838 of Title 5, Code of Federal Regulations.  The terminology used in the provisions of this Order that concern benefits under the Civil Service Retirement System are governed by the standard conventions established by that part.

¶5    On remand, the administrative judge adopted the Board's prior findings that the 1987 QDRO failed to provide the appellant with a former spouse survivor annuity.  *Arlene Smith In re Paul D. Marshall v. Office of Personnel Management*, MSPB Docket No. AT-0831-10-0059-M-1, Appeal File, Tab 17, Initial Decision (ID) at 3.  The administrative judge further found that the 1999 order did not expressly provide the appellant a former spouse survivor annuity. ID at 4-8.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has opposed the appellant's petition.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The appellant bears the burden of proving her entitlement to a survivor annuity by preponderant evidence.  *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 141 (Fed. Cir. 1986); *Gilliam v. Office of Personnel Management*, 91 M.S.P.R. 352, ¶ 9 (2002); 5 C.F.R. § 1201.56(b)(2)(ii).  Under the Civil Service Retirement Spouse Equity Act of 1984, the divorced spouse of a retired Federal employee is entitled to a survivor annuity if the employee has elected a survivor annuity under 5 U.S.C. § 8339(j)(3), or a survivor annuity has been expressly provided for in a divorce decree or a court order or court-approved property settlement agreement issued in conjunction with a divorce decree.  *See* 5 U.S.C. § 8341(h)(1); *Warren v. Office of Personnel Management*, 407 F.3d 1309, 1313 (Fed. Cir. 2005).  The Board has held that the expressly provided for provision does not require "magic words," but only that the intent to provide the survivor annuity be clear, definite, explicit, plain, direct, and unmistakable, not

dubious or ambiguous. *Thomas v. Office of Personnel Management*, 46 M.S.P.R. 651, 654 (1991). The interpretation of what is expressly provided for in a court order or court-approved property settlement agreement incident to a decree of divorce must be made on a case-by-case basis. *See Hahn v. Office of Personnel Management*, 71 M.S.P.R. 154, 156 (1996).

¶7    The administrative judge found that the language in the 1999 order failed to award the appellant a survivor annuity because it did not use terms sufficient to identify an entitlement to a survivor annuity, such as survivor annuity, death benefits, or former spouse survivor annuity. ID at 7. She further found that paragraph 7(G) did not clearly award a survivor annuity because it referenced paragraph 1, which provided the appellant with a portion of her former spouse's annuity while he was alive. ID at 8. We disagree.

¶8    We conclude that the unmistakable intent of paragraphs 7(B) and (C) of the 1987 QDRO as modified by the 1999 order was to provide the appellant a lifetime monthly benefit of $338.60. Such paragraphs, when read in conjunction with paragraph 7(G), which provides that the appellant's former husband could name his current spouse as a surviving spouse for all retirement benefits available to a surviving spouse except for those benefits allocated to the appellant, demonstrate a clear intent that the appellant continue to receive benefits following the death of her former spouse. Such benefits would constitute a survivor annuity. Thus, we find that the 1987 QDRO as modified by the 1999 order expressly provided the appellant with a survivor annuity in the amount of $338.60 per month. *See, e.g.*, *Bliznik v. Office of Personnel Management*, 58 M.S.P.R. 340, 344 (1993) (finding that a divorce decree expressly provided for a survivor annuity when a survivor annuity was the only payment that would provide the appellant with the "lifetime benefit" to which she was entitled by the divorce decree).

¶9    The administrative judge found that while she believed that the parties intended to provide the appellant with a survivor annuity, the 1999 order failed to do so because, among other things, it failed to comply with OPM's regulations.

ID at 7-8.  In particular, 5 C.F.R. § 838.803(b), which provides that any court order that provides that the former spouse's portion of the employee annuity shall continue after the death of the employee or retiree, such as a court order providing that the former spouse's portion of the employee annuity will continue for the lifetime of the former spouse, but does not use terms such as survivor annuity, death benefits, former spouse annuity, or similar terms is not a court order acceptable for processing.  ID at 8.  5 C.F.R. § 838.302(b) contains similar language regarding orders awarding an annuity to a former spouse during the Federal employee's life, and states that court orders that provide that a former spouse's portion of the employee annuity will continue for the lifetime of the former spouse are not court orders acceptable for processing.

¶10       Both 5 C.F.R. § 838.302 and 5 C.F.R. § 838.803 apply to court orders received by OPM on or after January 1, 1993.  5 C.F.R. § 838.101(c)(1).  Thus, they would apply to the 1999 order, but not the 1987 order.  The language pertaining to the lifetime benefits was set forth in the 1987 order and remained unchanged by the 1999 modifications.  However, even assuming the regulations apply, the Board has cautioned against a rigid application of 5 C.F.R. § 838.302 (or section 838.803) that "'frustrate[s] the language and intent of 5 U.S.C. § 8341(h).'"  *Arnold v. Office of Personnel Management*, 94 M.S.P.R. 86, ¶ 16 (2003) (quoting *Hunt v. Office of Personnel Management*, 89 M.S.P.R. 449, ¶ 12 (2001)).  The purpose of the regulations is to preserve OPM's ministerial function, assuring that OPM will not have to interpret orders to ascertain the parties' intent.  *Hunt*, 89 M.S.P.R. 449, ¶ 11; *see* 57 Fed. Reg. 33570, 33571 (1992).  Thus, the Board has held that there is no rational reason to apply the regulation to deny a survivor annuity when the expressly provided requirement of the statute is met.  *Hunt*, 89 M.S.P.R. 449, ¶¶ 12-14.  Here, we find that the parties' intent to provide a survivor annuity is clear based on the express language of the order.  Therefore, we find that failure to follow precisely the requirements of the regulations does not bar the award of the survivor annuity.

¶11 Accordingly, we find that the 1987 QDRO as modified by the 1999 court order provided the appellant a former spouse survivor annuity of $338.60 per month. We vacate the initial decision and reverse OPM's reconsideration decision, which found that the appellant was not entitled to a former spouse survivor annuity.

**ORDER**

¶12 We ORDER the Office of Personnel Management (OPM) to award the appellant former spouse survivor annuity benefits in accordance with the terms of the 1987 QDRO, as modified by the 1999 order. OPM must complete this action no later than 20 days after the date of this decision.

¶13 We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14 No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

¶15 You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[2]**

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.